IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| THE DIAMOND CONSORTIUM, INC. ) <br> d/b/a THE DIAMOND DOCTOR, and ) <br> DAVID BLACK, ) <br> ) <br>     Plaintiffs, ) <br> v. ) <br> ) <br> BRIAN MANOOKIAN, ) <br> BRIAN CUMMINGS, and ) <br> CUMMINGS MANOOKIAN, PLC, ) <br> ) <br>     Defendants. ) | Civil Action No. 4:16-cv-94 <br> Pending in the Eastern District of TX |

## MOTION TO QUASH SUBPOENA

Neal & Harwell, PLC, a non-party in this litigation, hereby moves this Court to quash the subpoena issued to it on behalf of Plaintiffs in the above-styled litigation that is currently pending in the United States District Court for the Eastern District of Texas, No. 4:16-cv-94. In support of this Motion to Quash Subpoena, Neal & Harwell states as follows:

1. Plaintiffs issued the subpoena at issue and had it served on Neal & Harwell on September 7, 2016. (A copy of the subpoena is attached hereto as **Exhibit A**.)

2. The subpoena commands production of "any and all non-privileged documents that supported Your allegations in *Nashville Armory, LLC and Gary Semanchik v. Brian P. Manookian* (Docket No. 13-396-I, The Chancery Court for Davidson County, Tennessee, filed March 20, 2013)" ("the Nashville Armory litigation") by October 7, 2016.

3. The subpoena should be quashed pursuant to Rule 45 (c)(3)(A)(iv) because it "subjects a person to undue burden."

4. Additionally, the subpoena should be quashed pursuant to the Court's inherent power to protect non-parties from undue burdens. *Fadalla v. Life Automotive Products*, 258 F.R.D. 501, 504 (M.D. Fla. 2007) ("A non-party may invoke the inherent power of the court to secure protection from discovery which . . . would cause undue burden on the non-party." (citing *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1322 (Fed. Cir. 1990))).

5. When evaluating a motion to quash a subpoena to a non-party, the court must assess the "[1] relevance, [2] the need of the party for the documents, [3] the breadth of the document request, [4] the time period covered by it, [5] the particularity with which the documents are described, and [6] the burden imposed." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996) (quoting *U.S. v. Internat'l Bus. Machs. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979)). All of these factors weigh in favor of quashing the subpoena in this case.

5. In the Nashville Armory litigation, Neal & Harwell represented Nashville Armory and Gary Semanchik against Brian Manookian, one of the defendants in the above-styled litigation, in litigation that lasted more than three years. In that action, Nashville Armory and Mr. Semanchik sought to recover damages for breach of contract, breach of fiduciary duty, conversion, and fraud and to expel Mr. Manookian from the LLC. Mr. Manookian in turn filed a 178-page counterclaim, enumerating fourteen claims against Gary Semanchik.

6. Neal & Harwell has approximately six thousand, three hundred separate documents (most of which have multiple pages), consisting of hundreds of thousands of pages in total and dating back to February, 2012, relating to allegations against Mr. Manookian. Reviewing all of these documents for privilege, work product, and responsiveness to Plaintiffs'

subpoena would require an extensive amount of time and effort. Because each of the pages must be reviewed for attorney-client and work product privilege, the review must be performed by an attorney (or attorneys) at Neal & Harwell, resulting in an inordinate amount of unpaid billable hours.

7. This burden is exacerbated by the fact that Neal & Harwell is a non-party to the above-styled litigation. *See In re: Domestic Drywall Antitrust Litigation*, 300 F.R.D. 234, 239 (E.D. Pa. 2014) ("A court should be 'particularly sensitive to weighing the probative value of the information sought against the burden of production on [a] nonparty.'" (quoting *Fears v. Wilhelmina Model Agency, Inc.*, No. 02-cv-4911, 2004 WL 719185, at *1 (S.D.N.Y. Apr. 1, 2004))).

8. Furthermore, this heavy burden on a non-party is in no way justified by Plaintiffs' need for this information.

9. First, the subpoena is excessively overbroad. It asks for *all* documents that supported *any* of the allegations in the Nashville Armory litigation. On the one hand, this encompasses documents supporting allegations that Plaintiff can easily find for themselves at no burden whatsoever to non-parties, such as Mr. Manookian's address in Davidson County. On the other hand, it encompasses documents supporting allegations that could not possibly be relevant to Plaintiff's claims, such as the addresses of the plaintiffs in that action, the fact that Nashville Armory filed Articles of Organization with the Tennessee Secretary of State, the particulars of Nashville Armory's Operating Agreement, and the deposition testimony of numerous fact witnesses.

10. Additionally, the documents requested are irrelevant to Plaintiffs' claims in the above-styled lawsuit, none of which involve *any* of the facts alleged in the Nashville Armory

litigation. Indeed, the only mention of the Nashville Armory litigation in the complaint filed by Plaintiffs in the above-styled litigation is in support of their assertion that Mark Hammervold, an attorney who sent several demand letters to Plaintiffs, also represented Mr. Manookian in the Nashville Armory litigation. *See* Plaintiff's First Amended Complaint, at ¶ 25 (March 21, 2016).

11. Asking Neal & Harwell, a non-party, to search through hundreds of thousands of pages of documents, perform a privilege review, and identify documents responsive to the subpoena's overbroad and marginally (if at all) relevant request, all by October 7, 2016 and all on its own dime, would subject Neal & Harwell to an unnecessary and undue burden.

For the reasons set forth above, Neal & Harwell asks this Court to quash Plaintiffs' subpoena and award reasonable attorney's fees incurred in preparing this motion pursuant to Fed. R. Civ. P. 45(d)(1).

Respectfully submitted,

**NEAL & HARWELL, PLC**

By: /s/ Philip D. Irwin
  Philip D. Irwin, #012128
150 Fourth Avenue, North
Suite 2000
Nashville, TN  37219-2498
(615) 244-1713 – Telephone
(615) 726-0573 – Facsimile

*Counsel for Neal & Harwell, PLC*

## CERTIFICATE OF CONFERENCE

I hereby certify that on September 21, 2016, in compliance with Local Rule 37.01(b)(3), I contacted counsel for the Plaintiffs in a good faith effort to resolve by agreement the issues raised in this Motion, and that we were unable to resolve those issues.

/s/ Philip D. Irwin

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served, via the method(s) indicated below, on the following counsel of record, this the 21st day of September, 2016.

|  |  |  |
|---|---|---|
| ( ) Hand | Bruce W. Steckler | |
| (X) Mail | Stuart Cochran | |
| ( ) Fax | Stefani S. Eisenstat | |
| ( ) Fed. Ex. | **STECKLER GRESHAM COCHRAN** | |
| ( ) E-Mail | 12720 Hillcrest Road—Suite 1045 | |
| | Dallas, TX 75230 | |
| ( ) Hand | Randy Johnston | |
| (X) Mail | **JOHNSTON TOBEY BARUCH, P.C.** | |
| ( ) Fax | 3308 Oak Grove Avenue | |
| ( ) Fed. Ex. | Dallas, TX 75204 | |
| ( ) E-Mail | | |
| ( ) Hand | Roger Sanders | |
| (X) Mail | **SANDERS, O'HANLON, MOTLEY &** | |
| ( ) Fax | **YOUNG, PLLC** | |
| ( ) Fed. Ex. | 111 S. Travis Street | |
| ( ) E-Mail | Sherman, TX 75090 | |
| ( ) Hand | Braden M. Wayne | |
| (X) Mail | **SETTLEPOU** | |
| ( ) Fax | 333 Lee Parkway, Eighth Floor | |
| ( ) Fed. Ex. | Dallas, TX 75219 | |
| ( ) E-Mail | | |
| ( ) Hand | Howard J. Klatsky | |
| (X) Mail | **FEE, SMITH, SHARP & VITULLO, LLP** | |
| ( ) Fax | Three Galleria Tower | |
| ( ) Fed. Ex. | 13155 Noel Road, Suite 1000 | |
| ( ) E-Mail | Dallas, TX 75240-5019 | |

/s/ Philip D. Irwin